## WREAL CRAVAT HOLDER CO., Inc., et al. v. LORDDS, Inc.

## SAME v. FREEDMAN'S DEPARTMENT STORE, Inc., et al.

## Nos. 172, 173.

Circuit Court of Appeals, Second Circuit.

Jan. 4, 1937.

Charles Neave and Stephen H. Philbin, both of New York City (Fish, Richardson & Neave, of Boston, Mass., Barlow & Barlow, of Providence, R. I., and Hector M. Holmes, of Boston, Mass., of counsel), for appellants.

Hornidge & Dowd, of New York City, for defendant-appellee.

Henry T. Hornidge, of New York City, and Cushman, Darby & Cushman, of

314

Washington, D. C. (Arlon V. Cushman and Gorham F. Freer, both of Washington, D. C., of counsel), for appellee Lordds.

Gifford, Scull & Burgess, of New York City (George F. Scull and William F. Wilder, both of New York City, of counsel), for appellees Freedman's Department Store, Inc., and another.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

These are two suits for infringement of patent No. 1,865,995 to Wurster granted July 5, 1932, which have been tried together and will be considered in one opinion. Claims 1, 3, and 4[1] are relied on in the Lordds, Inc., case and claims 4 and 5[2] in the Hickok Manufacturing Company, Inc., case.

The invention relates to a cravat holder, and its object is to provide for an improved holder allowing freedom of longitudinal movement of the cravat while restraining lateral movement. Cravat holders have been used for upwards of 25 years. They restrain the hanging ends of a four-in-hand tie from flapping or blowing about, particularly when the individual does not wear a vest.

The patent describes and shows an attaching member of a bar type, and from the ends of the bar is suspended a flexible chain for loosely encircling the tie. The bar member permits the bearer to press a garment part between it and a member coacting with the bar so that the bar will hold the garment member its full length. The flexible member or chain does not restrain all lateral movement, but it does prevent flapping and permits longitudinal movement. The article has had an exceptional commercial success.

The holder comprises the usual type of clasp, a bar and a coacting pressure member, the two parts are bent from a single piece of wire to the form shown in the patent drawing. Eyes are formed at the opposite end of the bars and to these eyes are permanently connected the ends of the flexible chain. The lower end of the cravat is dropped between the chain and the bar when in use.

In the Aiken patent No. 1,779,868, of the prior art, there is provided a combination of tie holding loop and attaching means having the functions of the patent in suit. Aiken had a bar to go between the tie and the shirt. On the back of the bar is a spring clip element like Wurster's, admittedly a form of clip used in tie holders before Wurster. He also had a relatively inflexible bar extending outside the tie and connecting with its ends to the supporting bar so as to form a loop therewith through which the tie extends. The function of this loop is the same as Wurster's. It permitted free longitudinal motion of the tie and restrained lateral movement. It was old in lingerie clasps to provide a relatively rigid loop instead of a chain loop to hold the straps. (Raymond patent No. 1,593,776, July 27, 1926.) Raymond wanted to prevent the straps from "bunching up at one end of the loop" and he provided a toe to press against the straps. This offered some resistance to longitudinal movement of the strap through the loop. But the Crawford patent No. 1,784,482 (December 9, 1930) shows use interchangeably of chain and bar loops in the lingerie clasp. It was old in holders analogous to cravat

---

[1] 1. A cravat holder comprising a bar, a flexible member having its opposite ends permanently connected to the opposite ends of the bar, and a member coacting with the bar to press a garment part between said last named member and said bar and hold the bar flatly against the garment.

3. A cravat holder comprising a bar, eyes formed at the opposite ends of the bar, a flexible member having its opposite ends permanently connected to the eyes, and a member coacting with the bar to press a garment part between said last named member and said bar and hold the bar flatly against the garment.

4. A cravat holder comprising a bar, a flexible member having its opposite ends connected to the opposite ends of the bar, and a member coacting with the bar to press a garment part between said last named member and said bar throughout substantially their entire lengths.

[2] 5. A cravat holder comprising a substantially rigid bar, eyes formed at the opposite ends of the bar, a chain having its opposite ends connected to eyes at the opposite ends of the bar, and a member resiliently connected to and coacting with the bar to press a garment part between said member and said bar throughout substantially their entire lengths.

holders to form the loop of the holder. (Edens patent No. 1,793,847, February 24, 1931.) To be sure, the attaching means in the old holders vary according to the particular kind and place of use. So, when greater security had been desired, pins were used; if less security was required, clips of springs of the pincer type as where the holder was to be held adjacent to a cloth edge.

The patent to Presley No. 1,358,244, granted November 9, 1920, has a bar with a lever attaching means of the pincer type on the back of the bar and the loop forming member on the front of the bar with the ends attached to the ends of the bar. It was so constructed as to permit free longitudinal movement of the tie, but he obtained a spreading of the tie. However, it did not involve invention to omit this pressing construction with its function. And Aiken shows a construction designed to give the free longitudinal movement. Wurster originally attempted to claim a broad combination of any kind of a clasp and more specifically a clasp "having resilient interlying parts" (original claim 4) and a flexible chain attached to one of the attaching members. These claims were rejected, the Examiner citing patents to Presley, Crawford and Evans, whereupon Wurster canceled the claims as filed and inserted claims by amendment. He canceled original claims 7 and 10 and acquiesced by so doing in the rejected claims and may not now urge that the examiner was wrong. Presley and Crawford collectively negative invention in the substitution of a chain for the rigid bar. Presley, Aiken, and Crawford do so collectively because in Aiken the relatively rigid bar is already arranged to permit the same sort of restraint and freedom as the chain loop gives. Thus the function of the entire device is the same in Wurster as in Aiken whether the rigid bar of Aiken is used or the flexible chain of Crawford.

To bring about the particular association of old forms of these elements is aggregation and not invention after the broad combination of a bar having some form of holding means and some form of attaching means has been disclosed in the prior art.

All the claims sued on are invalid for want of invention.

Decrees affirmed.